UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENCE L. PARR,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | CIVIL ACTION NO. 3:19-CV-00870<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Clarence L. Parr ("Parr") brings this action under sections 205 and 1631 of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference), for judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. For the following reasons, the undersigned shall order the Commissioner's decision be reversed and remanded.

I. **BACKGROUND AND PROCEDURAL HISTORY**

In July 2016, Parr protectively filed applications for Title II disability insurance benefits and Title XVI supplemental security income, claiming disability beginning December 15, 2015, due to back problems, high blood pressure, and anxiety. (Doc. 8-5, at 2-9; Doc. 8-6, at 6). The Social Security Administration initially denied both applications in September

---

[1] The Court has amended the caption to replace, as the named defendant, Acting Social Security Commissioner Nancy A. Berryhill with her successor, Social Security Commissioner Andrew Saul. See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

2016, prompting Parr's request for a hearing, which Administrative Law Judge (ALJ) Paula Garrety held on April 3, 2018. (Doc. 8-4, at 2-10; Doc. 8-2, at 32). In a written opinion dated May 23, 2018, the ALJ determined that Parr was not disabled from December 15, 2015, through the date of the decision, and therefore not entitled to benefits under Titles II or XVI. (Doc. 8-2, at 27). On March 20, 2019, the Appeals Council denied Parr's request for review. (Doc. 8-2, at 2-4).

On May 20, 2019, Parr filed the instant complaint. (Doc. 1). The Commissioner responded on July 16, 2019, providing the requisite transcripts from Parr's disability proceedings. (Doc. 7; Doc. 8). The parties then filed their respective briefs, with Parr raising five bases for reversal or remand. (Doc. 14; Doc. 15).

## II. STANDARDS OF REVIEW

To receive benefits under Titles II or XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 1382c(a)(3)(A). To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905.[2] Additionally, to be eligible to receive benefits under Title II of the Social Security

---

[2] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3),

Act, a claimant must be insured for disability insurance benefits. 42 U.S.C. § 423(a)(1)(a); 20 C.F.R. § 404.131.

## A. ADMINISTRATIVE REVIEW

In evaluating whether a claimant is disabled, the "Social Security Administration, working through ALJs, decides whether a claimant is disabled by following a now familiar five-step analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 200–01 (3d Cir. 2019). The "burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security." *Hess*, 931 F.3d at 201; 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1). Thus, if the claimant establishes an inability to do past relevant work at step four, the burden shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1).

## B. JUDICIAL REVIEW

The Court's review of a determination denying an application for benefits is limited "to considering whether the factual findings are supported by substantial evidence." *Katz v. Comm'r Soc. Sec.*, No. 19-1268, 2019 WL 6998150, at *1 (3d Cir. Dec. 20, 2019). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v.*

---

1382c(a)(3)(d).

*Perales*, 402 U.S. 389, 401 (1971).

A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003).

The question before the Court, therefore, is not whether Parr was disabled, but whether the Commissioner's determination that Parr was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

## III. THE ALJ'S DECISION[3]

In his written decision, the ALJ determined that "[Parr] has not been under a disability, as defined in the Social Security Act, from December 15, 2015, through the date of this decision . . . ." (Doc. 8-2, at 27). Further, the ALJ determined that Parr was capable of performing the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).[4] (Doc. 8-2, at 22). The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

### A. STEP ONE

At step one of the five-step analysis, the ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is engaging in SGA, the claimant is not disabled, regardless of age, education, or work experience. SGA is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. §§ 404.1520(b), 416.920(b). In making this determination, the ALJ must consider only the earnings of the claimant. 20 C.F.R. § 404.1574; 20 C.F.R. § 416.974.

Here, the ALJ determined that Parr "has not engaged in substantial gainful activity

---

[3] At the outset, the ALJ determined that Parr met the insured status requirements of the Social Security Act through March 31, 2020. (Doc. 8-2, at 18).

[4] This limitation "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). A job will fall under this category if it requires lifting little weight, yet a good deal of walking or standing, or mostly sitting with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b). An individual considered capable of performing a full range of light work must be able to do substantially all of these activities. 20 C.F.R. §§ 404.1567(b), 416.967(b).

since December 15, 2015, the alleged onset date." (Doc. 8-2, at 18). Thus, the ALJ's analysis proceeded to step two.

  B. STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the 12-month duration requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ determines that the claimant does not have an impairment or combination of impairments that significantly limits his or her "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If a claimant establishes a severe impairment or combination of impairments, the ALJ analysis continues to the third step.

Here, the ALJ concluded that Parr had the following severe impairments: degenerative disc disease, degenerative joint disease, and status post total hip replacement. (Doc. 8-2, at 18).[5]

  C. STEP THREE

At step three, the ALJ must determine whether an impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. Part 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairments meet these

---

[5] Additionally, the ALJ found that Parr had three non-severe impairments: drug and alcohol abuse, depression, and anxiety. (Doc. 8-2, at 19).

listings, then the claimant is considered disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d).

The ALJ determined that none of Parr's impairments, considered individually or in combination, meets or equals the severity of a listed impairment. (Doc. 8-2, at 22). The ALJ considered the musculoskeletal listings under section 1.00 of appendix 1 – specifically, listings 1.02 (major dysfunction of a joint) and 1.04 (disorders of the spine). 20 C.F.R. Part 404, Subpt. P, App. 1 § 1.00. (Doc. 8-2, at 22).

D.  RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ determines the claimant's residual functional capacity ("RFC"), crafted upon consideration of the evidence presented. At this intermediate step, the ALJ considers "all [the claimant's] symptoms . . . and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). This involves a two-step inquiry where the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. §§ 404.1529(b)–(c), 416.929(b)–(c).

Here, based on his consideration of the medical opinions and other relevant evidence in the record, the ALJ determined that Parr had the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Doc. 8-2, at 22).

E.  STEP FOUR

Having assessed a claimant's RFC, step four requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20

C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A finding that the claimant can still perform past relevant work requires a determination that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work is defined as work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.960(b). "If the claimant can perform [her] past relevant work despite [her] limitations, [s]he is not disabled." *Hess*, 931 F.3d at 202 (citing 20 C.F.R. § 404.1520(a)(4)(iv)).

Here, the ALJ found that Parr could perform past relevant work as a maintenance supervisor as actually and generally performed. (Doc. 8-2, at 26). With this finding, Parr was determined not disabled pursuant to 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) and denied his applications for benefits. (Doc. 8-2, at 27).

### IV.  DISCUSSION

On appeal, Parr submits that (1) the ALJ erred in failing to have him evaluated by a medical expert to determine if his condition met or equaled a listing; (2) the ALJ erred in partially accepting and partially rejecting the report of State Agency medical consultant Louis Bonita, M.D. (3) the ALJ erred in determining that Parr could perform his past relevant work as a maintenance supervisor; (4) the ALJ erred in not finding Parr credible due to his extensive work history; and (5) the ALJ erred in finding Parr's depression and anxiety not severe. (Doc. 14, at 4-12).

Parr submits that the ALJ erred in his finding of Parr's climbing abilities. Specifically, Parr's contention arises from the ALJ's decision to give great weight to the portion of Dr. Bonita's opinion that Parr could do light work, while simultaneously giving little weight to

his opinion that Parr could never climb ladders, ropes, or scaffolds. (Doc. 14, at 6). The ALJ acknowledged Dr. Bonita's opinion that Parr could never climb ladders, ropes, or scaffolds, yet "afford[ed] little weight to the[se] postural limitations because the claimant has demonstrated by his activities that he can do at least a full range of light work." (Doc. 8-2, at 26). According to Parr, Dr. Bonita "clearly states [Parr] could only do a limited range of light work and there is no rational basis to accept part and reject part of Dr. Bonita's report." (Doc. 14, at 6). The Commissioner asserts that "valid reasons" exist for the discrepancy. (Doc. 15, at 14). These reasons include Parr's work putting up tents at a baseball field in 2017, his report of bicycling, and his lengthy workouts at a gym after his hip replacement. (Doc. 15, at 13-14).

First, Parr's efforts in performing leg strengthening exercises at the gym do not provide substantial evidence that he is able to climb ladders, ropes, or scaffolds. There is no indication in the medical records cited by the ALJ that Parr's work at the gym related in any way to his ability to climb. (Doc. 8-2, at 26; Doc. 8-10, at 35, 41). Furthermore, this evidence shows lack of capability. On December 11, 2017, six weeks after his hip replacement, "Patient states that he has been doing well. He states he has been overdoing it at the gym. He has been doing the elliptical for an hour with resistance. He states that this caused him to have increased pain." (Doc. 8-10, at 41). On February 12, 2018, three and a half months after the hip replacement,

> Patient states that he has been doing OK but has been overdoing it at the gym. He states that he had increased pain after working out for over an hour concentrating on leg strengthening. He states that he has taken the last week off of going to the gym and he has had improvement of his pain. [] The discomfort is only activity related with going to the gym.
>
> (Doc. 8-10, at 35).

These statements do not indicate that Parr was able to climb ladders, ropes, or scaffolds. There

is no mention of his ability to climb. (Doc. 8-10, at 35, 41). Rather, these statements show an inability to use an elliptical, or other leg-strengthening device, without pain. (Doc. 8-10, at 35, 41). A reasonable mind could not accept this evidence as adequate to support a finding that Parr retained the ability to climb ladders, ropes, or scaffolds, therefore the ALJ's reliance on them for such purpose was in error. [6] *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (explaining that substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate') (internal citation omitted).

The ALJ, citing to Parr's hearing testimony, also used Parr's experience putting up tents at a baseball field in 2017 to contradict Dr. Bonita's opinion that Parr could never climb ladders, ropes, or scaffolds. (Doc. 8-2, at 26). As with Parr's experience with leg-strengthening exercises at the gym, however, the testimony exhibits futility rather than ability:

> Q. Did you do any other jobs for the temp agency?
>
> A. Yes, there was one more job where I was at Bowman Field. I tried that putting up tents for the – a baseball team that was coming in, and I –
>
> Q. When was that?
>
> A. That was in 2017 also, I can just say that it was in the warm weather. And I tried to do that work. It was a lot of climbing and lifting and things and – and I couldn't do it. And I showed up to – I showed up in the middle – I think I only spent like a week-and-a-half there. I showed up for the boss to sign timecard in crutches because that's where I ended up at on crutches, so that was the end of my – my journey with that job. But I did try to do both jobs to the best of my ability, but I just – my body won't do it.

(Doc. 8-2, at 37-38).

---

[6] Similarly, Parr's medical note from January 8, 2018, in which it was noted, "At YMCA bicycle and leg strengthening and elliptical," is insufficient to support Parr's ability to climb ladders, ropes, or scaffolds. (Doc. 8-2, at 26; Doc. 8-10, at 77).

No reasonable mind would interpret this statement as supportive of the premise that Parr was capable of climbing ladders, ropes, or scaffolds on a sustained basis sufficient to hold a long-term full-time job with these requirements. The ALJ erred in her use of this statement for that purpose. *See Burnett*, 220 F.3d at 118.

Dr. Bonita's opinion stands uncontradicted. An ALJ "cannot reject evidence for no reason or for the wrong reason," and the reasons for rejecting Dr. Bonita's opinion could not be accepted as adequate by a reasonable mind. *See Burnett*, 220 F.3d at 118; *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ has failed to identify substantial medical evidence indicating Parr could climb ladders, ropes, or scaffolds, contrary to Dr. Bonita's opinion. (Doc. 8-2, at 26). As Parr's limited ability to climb was not included in the RFC, the RFC is invalid. *See Hartranft v. Apfel*, 181 F.3d 358, 359 n. 1 (3d Cir. 1999) ("[RFC] is defined as that which an individual is still able to do despite the limitations caused by his or her impairment."). When considering this additional limitation, the ALJ may not have determined that Parr was capable of performing past relevant work as a maintenance supervisor, a position which requires light duty, skilled work. (Doc. 8-2, at 26). Therefore, remand is necessary to resolve this issue.

Because the Court recommends vacatur of the ALJ's decision based on an erroneous evaluation of the medical opinion evidence, it declines to address Parr's other allegations of error, as "[a] remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016).

## V. CONCLUSION

Based on the foregoing, the Commissioner's decision to deny Parr benefits is ordered

**REVERSED** and **REMANDED** with instructions to re-evaluate the matter fully and develop the record if need be. The Commissioner may collect further evidence and hold hearings as he finds appropriate.

An appropriate Order follows.

**Dated: April 14, 2020**                                           *s/ Karoline Mehalchick*
                                                                    **KAROLINE MEHALCHICK**
                                                                    **United States Magistrate Judge**